IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| North American Communications, Inc. <br><br> Debtor. | Bankruptcy Case No. 19-70349 - JAD |
| Lisa M. Swope as Trustee to the Bankruptcy Estate North American Communications, Inc. <br> Plaintiff. <br> v. | Chapter 7 <br><br> Adversary Case No._____ |
| American Express Travel Related Services Company, Inc. <br> Defendant. | |

**COMPLAINT OF LISA M. SWOPE, TRUSTEE SEEKING (A) COLLECTION OF UNPAID ACCOUNT RECEIVABLE; OR, ALTERNATIVELY (B) DEMAND FOR TURNOVER OF FUNDS THAT ARE PROPERTY OF THE ESTATE UNDER § 542(b) OF THE BANKRUPTCY CODE**

Trustee Lisa M. Swope, Esq., by her undersigned special counsel, files this Complaint pursuant to Sections 105(a), 502 and 542 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. ("Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), seeking (a) collection of an unpaid account receivable owing to the Debtor, or alternatively (b) demand for payment of a debt that is property of the estate under §542 of the Bankruptcy Code. Wherefore, the Trustee states as follows:

I. **THE PARTIES**

1. Plaintiff, Lisa M. Swope, Esq., is an attorney serving on the panel of U.S. Trustees for the Western District of Pennsylvania and maintains a business office address at 219 South Center Street, Ebensburg, PA 15931. On July 26, 2019, the undersigned attorneys were appointed to serve as Special Counsel to the Trustee in this case.

2. The Debtor commenced this case on June 10, 2019, by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. On June 19, 2019, Lisa M. Swope was appointed to serve as the Chapter 7 Trustee. Trustee Swope brings this Complaint in her capacity as Trustee of the Chapter 7 Estate of North America Communications, Inc.

3. Defendant American Express Travel Related Services Company Inc. ("American Express") is a business organization organized under the New York Business Corporation Law and for the purposes of this litigation will maintain an address in c/o Matthew Heimann, Esq., Manager & Counsel in the General Counsel's Organization of American Express, 20 Vessey St., New York, NY, 10285.

## II.    JURISDICTION AND VENUE

4. This is an adversary proceeding brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and Sections 105, 502, and 542 of title 11 of the United States Code (the "Bankruptcy Code") for an award of money damages and other relief against the Defendant for the benefit of the Plaintiff's bankruptcy estate.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

7. In the event that any part of this adversary proceeding is found to be "noncore," Plaintiff consents to the entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

## COUNT I
### Collection of an Unpaid Account Receivable

8. Pursuant to the terms of a Master Printing Services Agreement[1] ("Agreement") dated January 1, 2006, the Debtor has provided goods and services to American Express for

---

[1] The Agreement is labeled as "Proprietary & Confidential". Therefore, it is not attached to this Complaint. However, should it become necessary, the Trustee will file the Agreement under seal.

many years. According to the Debtor's books and records from the period of March 29, 2019 through May 23, 2019, the Debtor provided goods and services to the Defendant in the total amount of $331,184.14. A Statement of Account as of August 1, 2019 evidencing this indebtedness in attached as Exhibit A.

9. On July 5, 2019, secured creditor Metabank d/b/a Crestmark ("Metabank") obtained Relief from the Automatic Stay and initiated actions to collect on the Debtor's uncollected accounts Receivable (see, Document #51). Of the total balance $331,184.14 that the Defendant owed to the Debtor, the Defendant admitted that $228,620.23 was due and undisputed. On September 6, 2019, the Defendant tendered $228,620.14 to Metabank leaving a disputed balance due of $102,564.00. Metabank has since collected payment in full on its claim, and this remaining unpaid balance due to the Debtor is property of the estate. Despite continued demands for payment, the Defendant has refused tender of the remaining balance owed to the Debtor. See Exhibit B.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in favor of the Plaintiff and against the Defendant in the total amount of $102,564.00 plus interest and grant such other and further relief as this Court deems just and proper.

## COUNT II
### Demand for Turnover of funds that are property of the Estate under 542 (a) of the Bankruptcy Code

10. The Trustee repeats the foregoing paragraphs as if set forth at length herein.

11. Pursuant to 11 U.S.C. § 542 (a), the Trustee is entitled to demand turnover and delivery of $102,564.00 from the Defendant for the benefit of the estate and its creditors.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant in the amount of $102,564.00 plus interest or such other value of the property received and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
RudovLaw

***/s/ David K. Rudov, Esq.***
David K. Rudov, Esq.
Pa. I.D. #35579
The Frick Building
437 Grant Street, Suite 1806
Pittsburgh, PA 15219
(Tel) 412-223-5030
(Fax) 412-281-1121
david@rudovlaw.com


Whiteford, Taylor & Preston LLP

***/s/ Scott M. Hare, Esq.***
Scott Michael Hare
Pa I.D. No. 63818
200 First Avenue, Floor 3
Pittsburgh, PA 15222
share@wtplaw.com
(Tel)   412-275-2399
(Fax)   412-275-2406

Counsel for Plaintiff Lisa M. Swope, Trustee

Dated: October 22, 2019

-4-